THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| JAMES ANDERSON | * | CIVIL ACTION NO. 05-1597 |
|---|---|---|
| VERSUS | * | JUDGE JAMES |
| BENELLI USA CORPORATION, ENVIRON-METAL, INC. and SIMMONS SPORTING GOODS, INC. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion to Remand[1] filed by plaintiff James Anderson ("Anderson"). [Doc. No. 19]. For the reasons stated below, Anderson's Motion to Remand is **GRANTED and this case is REMANDED to state court for further proceedings.**

## STATEMENT OF FACTS

Anderson, a Louisiana citizen, filed suit against Defendants on August 9, 2005, in the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana, seeking to recover for injuries he sustained when a shotgun manufactured and distributed by Benelli, a Maryland corporation, exploded while he was hunting. At the time of the incident, Anderson was using shotgun shells manufactured by Environ-Metal, an Oregon corporation, and sold by Simmons, a Louisiana corporation. In addition to asserting several allegations against Benelli and Environ-

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Metal, Anderson's petition alleges that:

> Prior to the sale of shotgun shells in question. Defendant Simmons did not ensure that the shells it sold were free from redhibitory and other dangerous vices and defects.
> Defendants committed other acts of fault as may be discovered and shown at the trial hereof.
> The fault and breaches of Defendants and the unreasonable risks and defects and vices in the shotgun shells in question as set forth above caused Plaintiff's damages.

Pl.'s Petition, ¶¶ 91-93.

On September 8, 2005, Defendants removed the case to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[2] In addition to claiming that the amount in controversy exceeded $75,000, Defendants also claimed that "Defendant Simmons Sporting Goods, Inc., the alleged retailer of the subject shotgun shells, although a citizen of Louisiana, was fraudulently or improperly joined as a defendant for the sole purpose of defeating diversity jurisdiction and avoiding removal of this matter to federal court." Notice of Removal, ¶ 5.

In his motion to remand, Anderson argues that Defendants, as the parties bearing the burden of establishing jurisdiction, have failed to provide any evidence to support their claims that the amount in controversy exceeds $75,000 or that Simmons was improperly joined. Citing to the portions his petition covering damages and Simmons' fault, Anderson claims that the amount in controversy is less than $75,000 and that he has asserted a viable claim against Simmons.

## LAW AND ANALYSIS

---

[2] Section 1332(a) provides:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . .
28 U.S.C. § 1332(a).

2

Because subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), complete diversity must exist between all plaintiffs and all defendants; no plaintiff can be a citizen of the same state as any defendant. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-4 (1978). It is undisputed that defendant Simmons is a Louisiana corporation and thus destroys diversity. However, Defendants, in their Notice of Removal, claim that Simmons should be disregarded for the purpose of determining jurisdiction because it has been improperly joined. *See* 28 U.S.C. § 1359; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).

Improper joinder can be established two ways: (1) proof of actual fraud in the pleading of jurisdictional facts, or (2) proof of the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *See Smallwood*, 385 F.3d at 573. This second method requires a removing party to demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

The removing party alleging improper joinder bears an especially heavy burden of proof. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "[T]he district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). Any ambiguities in the controlling state law must also be resolved in the plaintiff's favor. *Id.* Lastly, to determine whether jurisdiction is present for removal, a court must consider the claims in the state court

petition as they existed at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Defendants have not opposed Anderson's motion, and have not met their burden of proving fraud in Anderson's pleading of jurisdictional facts or, alternatively, Anderson's inability to establish a cause of action against Simmons. Anderson's petition alleges that the shotgun shells he purchased from Simmons were defective and that Simmons was negligent in that it failed to ensure that the shells were "free from redhibitory and other dangerous vices and defects." Pl.'s Petition, ¶ 91. On the face of the petition, Anderson has stated a claim against Simmons; therefore, complete diversity does not exist.[3]

For the reasons stated above, the Anderson's Motion to Remand [Doc. No. 19] is **GRANTED and this case is REMANDED to state court for further proceedings.** The remand is hereby **STAYED for fifteen days**, to allow the parties the opportunity to appeal this ruling and order to the District Judge.

**THUS DONE AND SIGNED** this 13th Day of June, 2006, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Product Liability\05-1597.061206.memruling.klh.wpd

---

[3] Because complete diversity does not exist, the undersigned need not address whether Anderson's claims meet the jurisdictional amount.

4